**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ERNEST R. GIBSON, JR.,
# 281824,**

    **Plaintiff,**

vs.                                                             **Case No. 4:21cv63-TKW-MAF**

**C. KIRKMAN,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

    The pro se Plaintiff initiated a civil rights case in the Middle District of Florida. ECF No. 1. That case, 3:21cv95-J-20JRK, has been transferred to this Court because Plaintiff is housed at Taylor Correctional Institution, and the only Defendant is allegedly employed there as well. ECF No. 2.

    Although Plaintiff did not submit an in forma pauperis motion at the time of case initiation, it appears that Plaintiff did provide a copy of his inmate bank account statement for at least a five month period of time prior to case initiation. ECF No. 1-1. It is sufficient to show that Plaintiff has

maintained a zero account balance in his inmate trust fund account and has no funds available with which to pay the filing fee for this case.

Accordingly, the complaint, ECF No. 1, has been reviewed as is required by 28 U.S.C. § 1915A. Plaintiff provides a survey of case law on various topics such as racial discrimination in prison, sexual discrimination, and transgender issues. ECF No. 1 at 12-20. Plaintiff does not, however, provide any facts which describe how Defendant Kirkland violated Plaintiff's constitutional rights or caused him harm. There are no factual allegations presented which reveal a basis for this lawsuit.

Moreover, Plaintiff has not provided truthful answers to the questions on the complaint form. In Section VIII of the complaint form, Plaintiff was asked, "To the best of your knowledge, have you had a case dismissed based on [the] 'three strikes rule'?"[1] ECF No. 1 at 8. Plaintiff responded "no." That is not true.

---

[1] That "three strikes" rule is derived from 28 U.S.C. § 1915 which states: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (quoted in O'Connor v. Suwannee Corr. Inst., 649 F. App'x 802, 804 (11th Cir. 2016)).

Plaintiff previously sought to file case number 4:20cv460-WS-MAF in this Court on September 21, 2020. It was dismissed pursuant to 28 U.S.C. § 1915(g)[2] on October 26, 2020. ECF Nos. 4, 6-7 of that case. Similarly, Plaintiff sought to initiate case number 4:20cv473-TKW-MAF on September 28, 2020. It was also dismissed pursuant to § 1915(g) on October 23, 2020. ECF Nos. 4-6 of that case. Moreover, Plaintiff attempted to proceed with yet another case in December 2020. Case number 4:20cv573-TKW-MAF was filed on December 14, 2020, but dismissed under the three strikes provision on January 20, 2021. Plaintiff is well aware that he has "three strikes" and is prohibited from proceeding with a civil rights case in federal court absent specific factual allegations which reveal he faces imminent danger of serious physical injury. No such allegations have been presented.

---

[2] The following cases demonstrate that Plaintiff has had at least three cases dismissed for the reasons listed in § 1915(g). Plaintiff initiated case 6:20cv01654-PGB-LRH in the Middle District of Florida; it was dismissed for failure to state a claim on September 16, 2020. Plaintiff initiated case 6:20cv1653-PGB-EJK in the Middle District; it was dismissed on September 14, 2020, for failure to state a claim. Finally, Plaintiff initiated case 6:20c01399-GKS-DCI in that court, and it was also dismissed for failure to state a claim on September 15, 2020. Those three dismissals count as "three strikes" pursuant to 28 U.S.C. § 1915(g).

Case No. 4:21cv63-TKW-MAF

Additionally, another question on the complaint form asked whether Plaintiff had "filed other lawsuits in state or federal court otherwise relating to the conditions of [his] imprisonment?" ECF No. 1 at 9. Plaintiff again responded "no," and once again, that is not true.

> If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose. And word does get around the prisons.

<u>Rodriguez v. Inch</u>, No. 4:19CV191-RH-HTC, 2020 WL 3050231, at *1 (N.D. Fla. June 8, 2020). Because Plaintiff acted to deceive the Court in failing to honestly complete the civil rights complaint form, this case should be dismissed.

Moreover, because Plaintiff has "three strikes" under 28 U.S.C. § 1915(g), he is not entitled to proceed with a civil action unless he either pays the filing fee at the time of case initiation, or submits a complaint which demonstrates he is in imminent danger of serious physical injury. As noted above, Plaintiff has not provided any factual allegations which demonstrate "imminent danger." Thus, Plaintiff is not entitled to proceed with this case because he did not simultaneously pay the filing fee. This

case should be summarily dismissed. If Plaintiff desires to initiate another civil rights case in this Court, he must pay the full amount of the filing fee at the time of case initiation unless he can meet the "imminent danger" exception. *See* Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this action be **DISMISSED without prejudice** because Plaintiff has not met the imminent danger exception of 28 U.S.C. § 1915(g). It is further **RECOMMENDED** that the Clerk of Court be directed to enter on the docket that this case was dismissed pursuant to § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on February 5, 2021.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, Plaintiff may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). If Plaintiff fails to object to this recommendation, he will waive the right to appeal the District Court's order based on the unobjected-to conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:21cv63-TKW-MAF